UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEONTAE SPEARS
2240 HUBBARD RD.
YOUNGSTOWN, OH. 44505
NEOCC NO. 33536-068,
PLAINTIFF

V.

UNITED STATES DEPARTMENT OF
JUSTICE, CRIMINAL DIVISION, CHIEF
OF THE FOIA/PA UNIT KENNETH COURTER,
sued in his individual and official capacities,
SUITE 1127 KEENEY BLDG., 950 PENN-
SYLVANIA AVE. NW., WASHINGTON, D.C. 20530

UNITED STATES DEPARTMENT OF JUSTICE,
OFFICE OF INFORMATION POLICY, THE
DIRECTOR OF THE OIP, OIP CHIEF ADMINISTRATOR
SEAN R. O'NEILL sued in their individual and
official capacities,
SUITE 11050
1425 NEW YORK AVE. NW.
WASHINGTON, D.C. 20530
DEFENDANTS

FILED
AUG 14 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Case: 1:14-cv-01387
Assigned To : Collyer, Rosemary M.
Assign. Date : 8/14/2014
Description: FOIA/Privacy Act



## COMPLIANT

**AND NOW** comes KEONTAE SPEARS, Pro Se. I am the plaintiff in this case. The Complaint alleges that I filed a Freedom of Information Act/Privacy Act ("FOIA/PA") request with the United States Department of Justice ("DOJ") Criminal Division and it's known and unknown officers, seeking records of the Title III authorization memorandums and all the other documents from the DOJ that were part of the approval process for the electronic surveillance of my telephone and all

the other telephones that I was alleged by the DOJ, and it's officers to have had my private conversations intercepted, monitored, and and/or disclosed over in court proceedings. The DOJ Criminal Division and it's officers/agents have failed to respond to my FOIA/PA request in a manner that is compliant to and with the statue, 5 U.S.C. Sec.552. Also my duly filed appeal of the Criminal Division's recalcitrant decision sent to the DOJ Office of Information Policy ("OIP"), and it's Director was denied in an untimely manner, specifically some one hundred fifty (150) days beyond the time permitted by the statue, 5 U.S.C. Sec.552(a)(6)(A)(ii), in an auspicious act of bad faith with complete disregard for long-standing DOJ agency accepted policies, department procedural processing, and the OIP's administrative appeal standards and the FOIA/PA itself. In an egregious act of malfeasance and bad faith the defendant DOJ Criminal Division has failed to even conducted the statutory mandated search per the statue, 5 U.S.C. Sec.552(a)(3)(A). I submit this declaration in support of a request to the Court to grant plaintiff summary judgment against the defendants et al. under the FOIA/PA for the plaintiff's claim of denial of due process caused as a result of the defendants willful, and intentional withholding of potentially exculpatory evidence in the FOIA/PA responsive records in violations of 5 U.S.C.Sec. 552(a)(g)(4), and the Fifth Amendment of the Constitution, and additionally possible violations of the plaintiff's First,Fourth,Sixth, and/or Fourteenth Amendments if it is determined by this Court that the FOIA/PA records requested via this action do not exist. The plaintiff submits the following list of undisputable facts that entitle him to summary judgement on his claim(s), and subsequent request for relief.

### Jurisdiction and Venue

1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. Sec.(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. Sec.1331. Venue lies in this district under 5 U.S.C. Sec.522(a)(4)(B).

### DOJ Interception and Use of Title III Wire Intercepts Against Plaintiff

2.  On May 30,2012 the plaintiff received LCR 16.1 discovery material that

contained contents of Title III intercepted communications that is alleged by the DOJ to be, involve, and/or pertain to the plaintiff. (See Exhibit A).

**Plaintiff's FOIA/PA Request and Defendant's Failure to Respond**

3. On, or about January 7, 2014 the plaintiff sent a FOIA/PA request to the U.S. Department of Justice Criminal Division requesting the Title III authoriztion memorandums and all the other documents involve in the approval for the electronic surveillance of the plaintiff's telephone and all other telephone(s) that the plaintiff has been alleged to have had his private conversations intercepted, monitored and/or disclosed over by the DOJ and it's officers. (See Exhibit B).

4. On February 18, 2014 the defendant DOJ Criminal Division sent the plaintiff a letter stating "As any responsive records maintained by the Criminal Division would be exempt from disclosure, this Office did not conduct a search for records." (See Exhibit B).

5. On, or about March 25, 2014 the plaintiff sent an administrative appeal of the Criminal Division's decision to the defendant OIP acknowledged by such on March 27, 2014, assigning the plaintiff's appeal case number AP-2014-02167. In his appeal the plaintiff requested expedited treatment pursuant to 28 C.F.R. Sec. 16.5(d)(1)(iii). (See Exhibit C).

6. The defendant OIP denied the plaintiff expedited treatment of his administrative appeal to such on March 27, 2014. (See Exhibit D).

7. On May 30, 2014 the defendant rendered a decision on the appeal of the plaintiff's appeal number AP-2014-02167, approximately 24 days beyond the time permitted by 5 U.S.C. Sec. 552(a)(6)(A)(ii), confirming the Criminal Division's decision regarding the plaintiff's FOIA/PA request to such. (See Exhibit E)

**Defendant DOJ Criminal Division Failure to Comply with Plaintiff's Request**

8. By letter dated February 18, 2014 the defendant DOJ Criminal Division

acknowledged the plaintiff's FOIA/PA request to such, assigning the said request file number CRM-201400227P.

9. To date the DOJ Criminal Division has not provided the FOIA/PA records requested by the plaintiff per his request to such, notwithstanding the 5 U.S.C. Sec. 552(a)(6)(A)(i) statue requirement of an agency response within twenty (20) business days.

10. The plaintiff has exhausted the applicable administrative remedies with respect to his FOIA/PA request to defendant Criminal Division and it's FOIA/PA Unit Chief, Kenneth Courter.

### DOJ Criminal Division's Denial of Plaintiff's Request

11. By letter dated February 18,2014, the defendant DOJ Criminal Division Acting Chief FOIA/PA Unit denied plaintiff's request. The plaintiff appealed this denial to the OIP Director in a letter acknowledged by such on March 27,2014.

12. The plaintiff has exhausted applicable administrative remedies with respect to his FOIA/PA request.

13. The defendants DOJ Criminal Division and Acting Chief of the FOIA/PA Unit Kenneth Courter have wrongly withheld the requested records from the plaintiff.

### OIP's Failure to Timely Comply to Plaintiff's Appeal

14. By letter dated March 27,2014 the defendant OIP acknowledged plaintiff's appeal and request of expedited treatment for his pending FOIA/PA request to such.

15. The defendant OIP denied the plaintiff's request for expedited treatment of the plaintiff's FOIA/PA request to the DOJ Criminal Division.

16. By letter dated March 27, 2014 the defendant OIP denied the plaintiff's appeal to such and confirm the defendant's Criminal Division response to the plaintiff's FOIA/PA request.

17. The plaintiff has exhausted the applicable administrative remedies with respect to his appeal filed with the OIP.

18. The defendants, the OIP, the Diector of the OIP, and OIP Administrative Sean R. O'Niell have wrongly failed to render a decision on the plaintiff's appeal within the twenty (20) business days permitted by the statue, specifically 5 U.S.C. Sec.552(a)(6)(A)(ii).

## Requested Relief

WHEREFORE, the plaintiff pray that this Court:

A. order defendant's et al., to disclose the requested records in their entireties and make copies available to the plaintiff;

B. provide for expeditious proceeding in this action;

C. award plaintiff his cost and reasonable attorneys fee incurred in this action;

D. award plaintiff money damages for the defendants' et al., intentional and willfull withholding of agency records in violation of the Privacy Act, 5 U.S.C. Sec. 552(a)(g)(4), and the plaintiff's due process, and other civil rights under the Fifth, and the Sixth Amendments;

E. award the plaintiff civil statutory awards under 18 U.S.C.S. Chapter 119 (2510-2520) et seq., and 47 U.S.C.S. Sec.605 et seq., and compensatory and punitive damages under Bivens pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec.1346, and Sec. 2670-2680, if this Court determines that the DOJ, it's departments, agencies, and/or it's known and/or unknown officers in their individual and/or official capacities have violated the plaintiff's civil rights under the First, Fourth, Fifth, Sixth, Eight, and/or Fourteenth Amendments by their unlawful racially based,

and prejudicial law enforcement policies and investigations, and the defendants' unlawful acts, wire interceptions, use, and/or disclosure of such against the plaintiff in court proceedings;

F. award $1,200,000 per year to the plaintiff as a result of the harm and loss of liberty, wrongful incarceration, loss of income, accumulation of personal debts, and loss of personal property all caused as a result of the defendants' unlawful actions all of which resulted in severe discomfort, mental pain, anguish, fear, loss of consortium, and personal humiliation;

G. award the plaintiff's children $200,000 each for loss of support, loss of income, and loss of consortium due to the defendants' actions of wrong doing in this matter, which resulted in the wrongful incarceration of the plaintiff;

H. initiate proceedings under Title 18 U.S.C. Sec. 2520(f) against the defendant DOJ Criminal Division, or any of it's departments, or agencies, if it is determined by this Court that there have been violations of the Federal wire intercept statue, 18 U.S.C.S. Chapter 119 Sec. 2510-2520 et seq., and

I. grant such other relief as the Court may deem just and proper.


I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CURRENT.

Respectfully submitted,

*Keontae Spears* (signature)
Keontae Spears
NEOCC No. 33536068
2240 Hubbard Road
Youngstown, OH. 44505
Plaintiff Pro se

**EXHIBIT A (1 of 3)**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 12-113 |
| | ) |
| v. | ) |
| | ) (21 U.S.C. §§ 841(a)(1), |
| JAVON HARVEY | ) 841(b)(1)(C), and 846, |
| a/k/a Jake | ) 18 U.S.C. § 922(g)(1), |
| TERRELL WILLIAMS | ) and 924(C)(1)(A)(i)) |
| a/k/a Rel | ) |
| CARL THOMPSON | ) |
| a/k/a Shorty | ) |
| DEMETRIOUS LEVY | ) |
| a/k/a Meat | ) |
| KEONTAE SPEARS | ) |
| a/k/a Black | ) |
| TIERONE BARNES | ) |
| a/k/a Tyrone | ) |
| BRANDON WISE | ) |
| a/k/a B-Wise | ) |
| RONALD GLASS | ) |
| a/k/a Bae Bae | ) |
| JAMIE ARGYLE | ) |
| a/k/a Chum | ) |
| DONTE NEWTON | ) |

SUPERSEDING INDICTMENT

COUNT ONE

The grand jury charges:

From in and around June 2011, and continuing thereafter to in and around May 2012, in the Western District of Pennsylvania and elsewhere, the defendants, JAVON HARVEY a/k/a Jake, TERRELL WILLIAMS a/k/a Rel, CARL THOMPSON a/k/a Shorty, DEMETRIOUS LEVY a/k/a Meat, KEONTAE SPEARS a/k/a Black, TIERONE BARNES a/k/a Tyrone, BRANDON WISE a/k/a B-Wise, RONALD GLASS a/k/a Bae Bae, JAMIE ARGYLE a/k/a Chum; and DONTE NEWTON, did knowingly, intentionally and unlawfully conspire with one another and with

EXHIBIT A (2 of 3)

persons both known and unknown to the grand jury, to possess with intent to distribute and distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i).

In violation of Title 21, United States Code, Section 846.

EXHIBIT A (3 of 3)

*[Docket sheet excerpt — Case: 2:12-cr-00113-TFM, As of: 01/23/2014 06:40 AM EST, pages 13-14 of 34]*

| Date | Doc # | Entry |
|---|---|---|
| 05/23/2012 | | Case: 2:12-cr-00113-TFM As of: 01/23/2014 06:40 AM EST 13 of 34 for 5/25/2012 10:30 AM before Magistrate Judge Lisa Pupo Lenihan) (Tape #: 3-45) (lck, ) (Entered: 05/23/2012) |
| 05/24/2012 | 64 | CJA 23 Financial Affidavit by JAVON HARVEY (lck, ) (Entered: 05/24/2012) |
| 05/24/2012 | 62 | Sealed Document as to RONALD GLASS. (kly) (Entered: 05/24/2012) |
| 05/24/2012 | 65 | MOTION for Extension of Time to File Pretrial Motions by DEMETRIOUS LEVY. (Attachments: # 1 Proposed Order) (jv) (Entered: 05/24/2012) |
| 05/24/2012 | 66 | ORDER as to JAVON HARVEY that the Federal Public Defender is hereby appointed to represent the individual in all matters pertaining to this action, Linda Cohn is appointed as primary counsel. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 5/24/2012. (jmb) (Entered: 05/24/2012) |
| 05/24/2012 | | Attorney update in case as to JAVON HARVEY. Attorney Linda E. J. Cohn for JAVON HARVEY added. (jmb) (Entered: 05/24/2012) |
| 05/24/2012 | 67 | MOTION to Continue Arraignment for JAVON HARVEY. (jmb) (Entered: 05/24/2012) |
| 05/24/2012 | 68 | ORDER GRANTING the 67 Motion to Continue Arraignment as to JAVON HARVEY (1). Arraignment is rescheduled for 5/30/2012 at 1:30 PM in Courtroom 7B before Magistrate Judge Robert C. Mitchell. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 05/24/2012. (jmb) (Entered: 05/24/2012) |
| 05/30/2012 | 69 | Minute Entry for proceedings held before Magistrate Judge Robert C. Mitchell: Arraignment as to JAVON HARVEY (1) Count(s) 1 held on 5/30/2012. Defendant pleads Not Guilty. (Tape #: 5/30) (lck, ) (Entered: 05/31/2012) |
| 05/30/2012 | 70 | MAGISTRATE JUDGE'S REPORT ON ARRAIGNMENT AND NOTICE FOR FILING PRETRIAL MOTIONS, CERTIFICATION AND NOTICE FOR FILING PRETRIAL MOTIONS. All pretrial motions to be filed within 14 days of arraignment. Signed by counsel for JAVON HARVEY, Receipt for Local Rule 16.1 Material as to JAVON HARVEY (lck, ) (Entered: 05/31/2012) |
| 06/05/2012 | 71 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: Initial Appearance as to JAMIE ARGYLE held on 6/5/2012 (Tape #: 10:07–10:16) (lck, ) (Entered: 06/05/2012) |
| 06/05/2012 | 72 | CJA 23 Financial Affidavit by JAMIE ARGYLE (lck, ) (Entered: 06/05/2012) |
| 06/05/2012 | 73 | Government's Request for Detention as to JAMIE ARGYLE (lck, ) (Entered: 06/05/2012) |
| 06/05/2012 | 74 | Waiver of Detention Hearing and ORDER of Detention as to JAMIE ARGYLE. Signed by Magistrate Judge Lisa Pupo Lenihan on 6/5/12. (lck, ) (Entered: 06/05/2012) |
| 06/05/2012 | 75 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: Arraignment as to JAMIE ARGYLE (9) Count(s) 1 held on 6/5/2012. Defendant pleads Not Guilty. (Tape #: 10:07–10:16) (lck, ) (Entered: 06/05/2012) |
| 06/05/2012 | 76 | MAGISTRATE JUDGE'S REPORT ON ARRAIGNMENT AND NOTICE FOR FILING PRETRIAL MOTIONS, CERTIFICATION AND NOTICE FOR FILING PRETRIAL MOTIONS. All pretrial motions to be filed within 14 days of arraignment. Signed by counsel for JAMIE ARGYLE, Receipt for Local Rule 16.1 Material as to JAMIE ARGYLE (lck, ) (Entered: 06/05/2012) |
| 06/05/2012 | 77 | CJA 20 as to JAMIE ARGYLE: Appointment of Attorney William C. Kaczynski for JAMIE ARGYLE. Signed by Magistrate Judge Lisa Pupo Lenihan on 6/5/12. (lck, ) (Entered: 06/05/2012) |
| 06/14/2012 | 78 | MOTION for Extension of Time to File Pretrial Motions by JAVON HARVEY, TERRELL WILLIAMS, CARL THOMPSON, DEMETRIOUS LEVY, KEONTAE SPEARS, TIERONE BARNES, BRANDON WISE, RONALD (Attachments: # 1 Proposed Order) (jv) (Entered: 06/14/2012) |
| 06/14/2012 | 79 | MOTION to Unseal Indictment and Arrest Warrants (Case) by USA as to JAVON HARVEY, TERRELL WILLIAMS, CARL THOMPSON, DEMETRIOUS LEVY, KEONTAE SPEARS, TIERONE BARNES, BRANDON WISE, RONALD |

| Date | Doc # | Entry |
|---|---|---|
| | | Case: 2:12-cr-00113-TFM As of: 01/23/2014 06:40 AM EST 14 of 34 GLASS, JAMIE ARGYLE. (Attachments: # 1 Proposed Order) (jv) (Entered: 06/14/2012) |
| 06/19/2012 | 80 | ORDER granting 79 Motion to Unseal Case as to JAVON HARVEY (1), TERRELL WILLIAMS (2), CARL THOMPSON (3), DEMETRIOUS LEVY (4), KEONTAE SPEARS (5), TIERONE BARNES (6), BRANDON WISE (7), RONALD GLASS (8), JAMIE ARGYLE (9). Signed by Magistrate Judge Maureen P. Kelly on 6/18/12. (lck, ) (Entered: 06/19/2012) |
| 06/19/2012 | 81 | First MOTION to Continue *Filing of Pretrial Motions* by KEONTAE SPEARS. (Attachments: # 1 Proposed Order) (Hayward, Ronald) (Entered: 06/19/2012) |
| 06/19/2012 | 82 | Unopposed MOTION for Extension of Time to File Pretrial Motions by JAMIE ARGYLE. (Attachments: # 1 Proposed Order) (Kaczynski, William) (Entered: 06/19/2012) |
| 06/20/2012 | 83 | ORDER granting 52 Motion for Extension of Time to File Pretrial Motions as to BRANDON WISE (7). Pretrial Motions due by 9/20/2012. Signed by Judge Terrence F. McVerry on 6/20/2012. (kly) (Entered: 06/20/2012) |
| 06/20/2012 | 84 | ORDER granting 59 Motion for Extension of Time to File Pretrial Motions as to RONALD GLASS (8). Pretrial Motions due by 9/20/2012. Signed by Judge Terrence F. McVerry on 6/20/2012. (kly) (Entered: 06/20/2012) |
| 06/20/2012 | 85 | ORDER granting 65 Motion for Extension of Time to File Pretrial Motions as to DEMETRIOUS LEVY (4). Pretrial Motions due by 9/20/2012. Signed by Judge Terrence F. McVerry on 6/20/2012. (kly) (Entered: 06/20/2012) |
| 06/20/2012 | 86 | ORDER granting 78 Motion for Extension of Time to File Pretrial Motions as to JAVON HARVEY (1). Pretrial Motions due by 9/20/2012. Signed by Judge Terrence F. McVerry on 6/20/2012. (kly) (Entered: 06/20/2012) |
| 06/20/2012 | 87 | ORDER granting 81 Motion for Extension of Time to file Pretrial Motions as to KEONTAE SPEARS (5). Pretrial Motions due by 9/20/2012. Signed by Judge Terrence F. McVerry on 6/20/2012. (kly) (Entered: 06/20/2012) |
| 06/20/2012 | | Set/Reset Deadlines as to KEONTAE SPEARS: Pretrial Motions due by 9/20/2012. (kly) (Entered: 06/20/2012) |
| 06/20/2012 | 88 | ORDER granting 82 Motion for Extension of Time to File Pretrial Motions as to JAMIE ARGYLE (9). Pretrial Motions due by 9/20/2012. Signed by Judge Terrence F. McVerry on 6/21/2012. (kly) (Entered: 06/21/2012) |
| 06/21/2012 | 89 | ORDER granting 89 Motion for Extension of Time to File Pretrial Motions as to TERRELL WILLIAMS (2). Pretrial Motions due by 9/20/2012. Signed by Judge Terrence F. McVerry on 6/21/2012. (kly) (Entered: 06/21/2012) |
| 06/29/2012 | 91 | First MOTION for Furlough by KEONTAE SPEARS. (Attachments: # 1 Proposed Order) (Hayward, Ronald) (Entered: 06/29/2012) |
| 07/02/2012 | 92 | ORDER denying 91 Motion for Furlough as to KEONTAE SPEARS (5). Signed by Judge Terrence F. McVerry on 7/2/2012. (kly) (Entered: 07/02/2012) |
| 07/16/2012 | 93 | MOTION for Bond by TERRELL WILLIAMS. (Attachments: # 1 Proposed Order, # 2 Exhibit) (Zimmerman, Gary) (Entered: 07/16/2012) |
| 07/17/2012 | | ORDER Granting 93 MOTION for Bond Hearing filed by TERRELL WILLIAMS. A Bond Hearing has been scheduled for 7/19/2012 at 11:00 AM in Courtroom 5C before Magistrate Judge Cynthia Reed Eddy. Signed by Magistrate Judge Cynthia Reed Eddy on 7/17/2012. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jlh) (Entered: 07/17/2012) |
| 07/19/2012 | | Minute Entry for proceedings held before Magistrate Judge Cynthia Reed Eddy: Bond Hearing as to TERRELL WILLIAMS held on 7/19/2012. Text-only entry; |

EXHIBIT B

**U.S. Department of Justice**

Criminal Division

---

Office of Enforcement Operations          Washington, D.C. 20530

Mr. Keontae Spears                        FEB 1 8 2014
Register No. 33536-068
Northeast Ohio Correctional Center
2240 Hubbard Road                         Re:   CRM-201400227P
Youngstown, OH 44505                            KWC:GGT

Dear Mr. Spears:

    The Criminal Division of the U.S. Department of Justice acknowledges receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request dated January 7, 2014. In that request, you asked for access to records concerning electronic surveillance information. Your request has been assigned file number CRM-201400227P. You should refer to this number in any future correspondence with this Office.

    After carefully considering your request, this Office has determined that to the extent responsive records do exist, they are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3). This provision concerns matters specifically exempted from release by statute, in this instance, 18 U.S.C. §§ 2510-20, Title III of the Omnibus Crime Control and Safe Streets Act. See Mendoza v. DEA, No. 07-5006, 2007 U.S. App. LEXIS 22175 (D.C. Cir. Sept. 14, 2007) (per curiam); Lam Lek Chong v. DEA, 929 F.2d 729, 733 (D.C. Cir. 1991); Manchester v. DEA, 823 F. Supp. 1259 (E.D.P.A. 1993). As any responsive records maintained by the Criminal Division would be exempt from disclosure, this Office did not conduct a search for records.

    For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all requesters and should not be taken as an indication that excluded records do, or do not, exist.

    I am required by statute and regulation to inform you of your right to an administrative appeal of this determination. Your appeal must be in writing and addressed to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                                                                         Sincerely,

                                                                         Kenneth Courter
                                                                         Acting Chief
                                                                         FOIA/PA Unit

Director
Office of Information Policy
United States Department of Justice
Suite 11050
425 New York Avenue N.W.
Washington, DC 20530-0001

RE: Freedom of Information Act Appeal for CRM

Dear Director,

I would like to appeal the D.O.J office of Enforcement Operations response of my FOIA request for the title III wire intercept authorization memorandums and all other documents involved in the approval by the OEO for the electronic surveillance of the telephone I am alleged to have had my conversations intercepted over. (see exhibit A) The cheif of the FOIA/PA unit Kenneth Courter has stated that "this office did not conduct a search for records" and that the records I request "are exempt from disclosure pursuant to 5 U.SC § 552 (b) (3)." Neither of these responses are in compliance with the FOIA which states that an agency's mandate full disclosure unless information is clearly exempted under one of the FOIA's nine statatory exemptions. (see Shannahan V. IRS, 637 Supp. 2d 902 (W.D. wash. 2009). The OEO did not fulfill its obligations duties under FOIA with either of these two responses.

The FOIA requires that first the OEO must demonstrate that it has conducted a search reasonably calculated to uncover all relevent documents. (see Remensky V. U.S. Envlt. Prot. Agency, 767 F.2d 569, 571 9th Cir. 1985); also see Weisberg V. U.S. Dept of Justice, 745 F.2d, 1476 1485 (D.C. Cir. 1984) The agency, in good faith, can submit a non conclusory affidavit to the FOIA requestor to demonstrate that the search was adequate afterwards. The OEO did neither in their response to my request.

Second, if the OEO had satisfied its initial burden, then the agency still had the obligations to prove that the information it ~~does~~ did not disclose falls within one of the nine FOIA exemptions.

see Los Angeles Times Commons LLC .V. Dept of the Army 442 F. supp. 2d at 894). The OEO may not relie upon "Conclusory and generalized allegations of exemptions" as the Cheif of the OIA/PA unit as done in his response that I am appealing now. Mr. Couder simply writes the name, Title III of the Omnibus Crime Control and Safe Streets Act, of the statue he is attempting to prevent disclosure under. In his letter he does not specify the Particular section of the Title III statue nor the pursuant to the 5 USC § 552 (b)(3) exemption he's attempting to prevent disclosure under.

Title 5 U.S.C. § 522 (A)(4)(B) mandates where government agency seeks to withold information as exempt from disclosure under (FOIA) must provide relatively detailed justification specifically, Identifying reason why particular exemption is Relevant and correlating those terms with particular part of witheld documents to which they apply.

Also please be advised that the records that this requester seeks in his FOIA have already been unsealed by the courts on ~~October~~ June 19th 2012 in WDPA criminal case 2:12-cr-00113-TFM by Judge Terrence F. McVerry thus at that juncture the became Public domain and lost any "Protective Cloak" that Mr Courter is now attempting to claim. (See exebit (B))

Under our Public-domain doctrine materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a Permanent Public.... (see Niagara Mohawk Power Corp. V. U.S. Dept of Energy 335 U.S App D.C. 100, 169 F.3d 16.19 D. D.C. 1999)

The logic of the freedom of Information Act mandates that where information requested is truly public, then enforcement of an exemption can not full fill its purpose.... An exemption can serve no purpose once information including sensitive law-enforcement intelligence becomes public (see Lottone V. Reno at 193)

A FOIA requestor who advocates disclosure he claims to be public bears the initial burden of Production.

To satisfy his burden, a Freedom of Information Act requester must point to specific information in the Public-domain that appears to duplicate that being withheld." (see Cottone V. Reno at 193, and see also Muslim advocates V. U.S. Dept. of Justice 833 F. Supp. 2d, 92 (D.D.C. 2011)

The enclosed exhibit is Court documented proof that the records this requester seeks is public domain.

Please be advised that pursuant to 28 C.F.R. § 16.5 (D)(1)(iii) as it applies to the FOIA, there is an exceptional need and urgency for the records requested by this requester. To establish exceptional need or urgency in relation to a criminal matter sufficient to warrant the expedited processing of a request under FOIA a requester must show (A) that he or she is facing argue punishment, (B) that there is a reason to believe that the information will be produced to aid in the individuals defense and (C) that the criminal litigation is presently pending. (see Aquitered V. FBI U.S. District D.C. 1996 941 F. supp. 144 :: January 31, 1996). This requesters exhibit (C), his criminal indictment in WDPA case no. 2:12-cr-00113-TFM is such proof. Also if the Criminal Division does not have the requested records or if they were not authorized on specific dates

As claimed then the title III intercepts obtained, used and disclosed against the requester in the pending criminal litigation would be deemed unlawful and thus it would have to be suppressed in accordance with 18 U.S.C. 2518 (10)(A) aiding the requestor greatly in his defense of the matter.

Please compel the Criminal Division to provide this requester with the records I requested via my FOIA request to the Criminal Divisions OEO

Sincerely,
Keontae Spears

2240 Hobband Rd.
Youngstown, OH 44505

Keontae Spears
33536068

**EXHIBIT D**



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**March 27, 2014**

Mr. Keontae Spears
No. 33536068
Northeastern Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

Re:   Appeal No. AP-2014-02167
      Request No. CRM-201400227P
      ADW:MTC

**VIA: U.S. Mail**

Dear Mr. Spears:

    This is to advise you that your administrative appeal from the action of the Criminal Division of the United States Department of Justice was received in this Office on March 26, 2014. Your appeal has been assigned number **AP-2014-02167**. Please mention this number in any future correspondence with this Office regarding this appeal.

    You assert your appeal is entitled to expedited treatment pursuant to the third standard enumerated in the Department of Justice's regulations. Under the third standard, you must show that the request involves "[t]he loss of substantial due process rights." 28 C.F.R. § 16.5(d)(1)(iii) (2013).

    Courts have held that requests for expedited treatment for due process reasons generally should not be granted unless a requester shows that he is "facing grave punishment" in a pending criminal proceeding and that "there is a reason to believe that the information produced will aid in the individual's defense." Aguilera v. FBI, 941 F. Supp. 144, 150 (D.D.C. 1996). Based on the information that you have provided, I have determined that you do not meet this test because you have not demonstrated that you are facing grave punishment or that the information sought will aid in any defense. Accordingly, I am denying your request for expedited treatment of your appeal.

    As a result of the denial, your appeal will be placed into chronological order with the other pending appeals and will be addressed in turn.

EXHIBIT F (1 of 2)

**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

May 30, 2014

Mr. Keontae Spears
Register No. 33536-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

Re:  Appeal No. AP-2014-02167
     Request No. CRM-201400227P
     ADW:DRC

**VIA: U.S. Mail**

Dear Mr. Spears:

    You appealed from the action of the Criminal Division of the United States Department of Justice on your request for access to records concerning electronic surveillance information.

    After carefully considering your appeal, I am affirming the Criminal Division's action on your request. The Freedom of Information Act provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. The Criminal Division properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(3). This provision concerns matters specifically exempted from release by statute (in this instance, 18 U.S.C. § 2510, which pertains to Title III of the Omnibus Crime Control and Safe Street Act which protects information obtained through electronic surveillance). If you can provide evidence that any electronic surveillance records have been unsealed by a court, this Office will further consider your appeal.

    Furthermore, I am denying your request that we itemize and justify each item of the information withheld. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. See Bangoura v. U.S. Dep't of the Army, 607 F. Supp. 2d 134, 143 n.8 (D.D.C. 2009).

    Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the Criminal Division in response to your request.

    If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

EXHIBIT E (2 of 2)

- 2 -

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Sean R. O'Neill
Chief
Administrative Appeals Staff

By: *[signature]*

Anne D. Work
Senior Counsel
Administrative Appeals Staff