UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEONTAE SPEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civ. Action No. 14-1387 (RMC) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Keontae Spears challenges the response of the Criminal Division of the Department of Justice (DOJ) to his Freedom of Information Act (FOIA) request for records pertaining to the wiretapping of his telephone conversations.  Mr. Spears sues DOJ, FOIA Unit Chief Kenneth Courter, and Attorney Advisors Timothy A. Zeise and Sean O'Neill.  Pending is the Defendants' Motion for Summary Judgment [Dkt. 13].  Because the individual defendants are not subject to suit under the FOIA, *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006), the complaint against those defendants is hereby dismissed for failure to state a claim upon which relief can be granted.  For the reasons explained below, the Court will grant summary judgment to DOJ and will enter judgment accordingly.

### I.  BACKGROUND

In January 2014, Mr. Spears requested from DOJ's Criminal Division "an authentic . . . copy of the Title III authorization memorandums, and all other documents tied to the approval of these memorandums for the electronic surveillance for [four listed] telephone numbers that I am alleged to have had my private conversations intercepted, monitored, and disclosed over[.]" Decl. of Peter C. Sprung [Dkt. 13-2] (Sprung Decl.), Ex. A (FOIA Request).

1

Mr. Spears requested expedited treatment of the request "as any delay could result in a substantial los[s] of due process rights for this requester in [the Western District of Pennsylvania] criminal case[.]"[1] *Id.*

On February 18, 2014, the Acting Chief of the Criminal Division's FOIA/PA Unit informed Mr. Spears that no search for records had occurred because any responsive records would be exempt from disclosure under FOIA exemption 3, codified at 5 U.S.C. § 552(b)(3). *Id.*, Ex. B. Mr. Spears appealed to the Office of Information Policy ("OIP"), which affirmed the Criminal Division's decision by letter of May 30, 2014. *Id.*, Ex. E. Mr. Spears was told that OIP would further consider his appeal if he could provide evidence that any electronic surveillance material was unsealed by a court.

Mr. Spears filed this action in August 2014. The Criminal Division then "searched the two records systems that would contain information responsive to Mr. Spears's request." *Id.* ¶ 21. The Criminal Division located responsive records, but it withheld all of the records under FOIA exemptions 3, 5, 6, and 7(C). *See id.*, Ex. F (Defs.' *Vaughn* Index).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows [through facts supported in the record] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This procedural device is not a "disfavored legal shortcut" but a reasoned and careful way to resolve cases fairly and expeditiously. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

---

[1] *See United States v. Harvey*, Cr. No. 12-113, 2014 WL 657595, at *1 (W.D.Pa. Feb. 20, 2014) (pretrial order describing "lengthy" investigation of Mr. Spears and co-defendants for cocaine and heroin trafficking in Washington, Pennsylvania).

The FOIA confers jurisdiction on the district court to enjoin an agency from improperly withholding records maintained or controlled by the agency. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)); *Lazaridis v. U.S. Dep't of Justice*, 713 F. Supp. 2d 64, 66 (D.D.C. 2010). Summary judgment is the frequent vehicle for resolution of a FOIA action because the pleadings and declarations in such cases often provide undisputed facts on which the moving parties are entitled to judgment as a matter of law. *McLaughlin v. U.S. Dep't of Justice*, 530 F. Supp. 2d 210, 212 (D.D.C. 2008) (citations omitted). Agencies may rely on affidavits or declarations of government officials, as long as they are sufficiently clear and detailed and submitted in good faith. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

The Court may award summary judgment solely on the basis of information provided in agency affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974); *Marshall v. FBI*, 802 F. Supp. 2d 125, 131 (D.D.C. 2011). However, the Court must "construe FOIA exemptions narrowly in favor of disclosure." *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993).

An inadequate search for records also constitutes an improper withholding under the FOIA. *See Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003) (citations omitted). Thus, when an agency's search is questioned, the Court must determine the adequacy of the agency's search, guided by principles of reasonableness. *See Campbell v. U.S. Dep't of*

*Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  The agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested."  *Oglesby*, 920 F.2d at 68.  Such methods include following through "on obvious leads."  *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (citation omitted).  Although an agency need not search every record system, it "cannot limit its search to only one record system if there are others that are likely to turn up the information requested."  *Oglesby*, 920 F.2d at 68.

Thus, to rebut a challenge to the adequacy of a search, the agency need only show that "the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant."  *Cunningham v. U.S. Dep't of Justice*, 961 F. Supp. 2d 226, 236 (D.D.C. 2013).  Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."  *Valencia–Lucena*, 180 F.3d at 326 (quoting *Oglesby*, 920 F.2d at 68).  Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search, *id.*, but "the [mere] fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citations omitted); *see Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search.") (citation omitted); *accord Marshall*, 802 F. Supp. 2d at 132.

Contrary to Mr. Spears's assertions throughout his opposition, *see, e.g.,* Pl.'s Opp'n [Dkt. 16] at 18-19, the Court finds Defendants' supporting declaration sufficiently detailed to

permit a proper examination of both the search for responsive records and the claimed exemptions.

### III. ANALYSIS

Under Title III, the Attorney General or her designee "may authorize an application to a Federal judge," who "may grant in conformity with section 2518 . . . an order authorizing or approving the interception of wire or oral communications by the Federal Bureau of Investigation, or a Federal agency having responsibility for the [subject] investigation[.]" 18 U.S.C. § 2516. Federal prosecutors must obtain permission from "the appropriate DOJ official," including the Assistant Attorney General for the Criminal Division. Sprung Decl. ¶ 14.

The internal procedures for obtaining permission are described as follows. The prosecutor submits the request to the Electronic Surveillance Unit (ESU) of the Office of Enforcement Operations (OEO). The request must include a law enforcement agent's affidavit, the prosecutor's application to the court, and a proposed order. An ESU attorney discusses the request with the prosecutor and, upon finalizing it, drafts an "action memorandum" to the Assistant Attorney General with a recommendation whether to approve the request. *Id.* ¶ 15. If the request is approved, the Assistant Attorney General "prepares a memorandum to OEO so stating. That memorandum, together with the Attorney General's delegation order, is provided to the prosecutor," who then files the memorandum, the Title III application, the agent's affidavit, and the proposed order with the court under seal. *Id.* ¶ 16. By statute, "[a]pplications made and orders granted under this chapter shall be sealed by the judge [and] disclosed only upon a showing of good cause before a judge of competent jurisdiction[.]" 18 U.S.C. § 2518(8)(b).

### A. Adequacy of the Search

Mr. Spears first argues that the search was inadequate because "the agency did not conduct a search under the Privacy Act as [he had] requested." Pl.'s Opp'n at 16. He contends also that the Criminal Division was obligated to search for all records pertaining to him. Mr. Spears did not request such records at the administrative level, and he will not be permitted to expand the scope of the request underlying this action and then assert an unexhausted claim. *See Wilson v. U.S. Dep't of Transp.*, 730 F. Supp. 2d 140, 150, *aff'd*, No. 10-5295 (D.C. Cir. Dec. 30, 2010) ("Before an action may be brought in the district court, a FOIA requester [should] exhaust administrative remedies in order to give the agency 'an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.' ") (quoting *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003)).

The declarant has described two sources of records in the Criminal Division where responsive records were likely to be found, and where indeed they were found.[2] The OEO's database tracks all federal prosecutors' requests for permission to apply for Title III warrants, and the IT department maintains archived emails of Criminal Division employees. Sprung Decl. ¶ 12. Contrary to Mr. Spears's assertion, the OEO database is a system of records under the Privacy Act, *see id*. ¶ 23 (citing 28 C.F.R, § 16.91(m)), and it was searched.[3]

---

[2]   Contrary to Mr. Spears's argument, the Criminal Division was obligated to search for records it maintained; it was not required to search the filing systems of either the FBI or the Executive Office for United States Attorneys. *See* Pl.'s Opp'n at 25. The disposition of this case does not affect Mr. Spears's ability to file a FOIA request with those DOJ components in accordance with 28 C.F.R. § 16.3. That regulation informs that DOJ "has a decentralized system for responding to FOIA requests," and it instructs requesters "to write directly to the FOIA office of the component that maintains the records being sought." *Id*. § 16.3(a)(1).

[3]   Mr. Spears seeks money damages under the remedial provisions of the Privacy Act based on the Criminal Division's refusal at the administrative level to conduct a search. *See* Pl.'s Opp'n at 17-18. However, "the only remedy [FOIA] provides for the improper withholding of records is injunctive relief. That means that FOIA is remedied by ordering the production of agency records

The OEO database contains information dating back to 1983 and is searchable by names and telephone numbers. Sprung Decl. ¶ 17. The Criminal Division searched by the four telephone numbers listed in the FOIA request and by Mr. Spears's name. *Id*. ¶¶ 13, 17. The declarant avers that "the Title III request tracking system is the Criminal Division's only official information management system for Title III applications submitted to OEO by federal prosecutors across the U.S." *Id*. ¶ 17. In addition, the Criminal Division identified the ESU attorney and the prosecutor who were involved in the application process, and the Information Technology Management staff searched "all emails exchanged" between those individuals between January 1, 2012, and May 30, 2012, which "encompassed" the relevant time period. *Id*. ¶ 20.

The Court finds the Criminal Division's search for responsive records reasonably executed and conducted in good faith. Mr. Spears has offered nothing to call the search into question. Accordingly, summary judgment is granted to DOJ on the search question.

### B.  Claimed Exemptions

Mr. Spears next argues that the Criminal Division has improperly invoked FOIA exemptions 3, 5, 6 and 7(C). The record shows otherwise.

### 1.  FOIA Exemption 3

Exemption 3 protects records that are "specifically exempted from disclosure by statute . . . if that statute . . . requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or . . . establishes particular criteria for withholding

---

without money damages." *Cunningham v. U.S. Dep't of Justice*, 961 F. Supp. 2d 226, 236 (D.D.C. 2013) (citations omitted). Once an agency has complied with its obligations under FOIA—however belatedly—the Court has "no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(A).[4]  Exemption 3 is different from the other exemptions in that it "depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage."  *Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1978); *Ass'n of Retired R.R. Workers v. U.S. R.R. Ret. Bd.*, 830 F.2d 331, 336 (D.C. Cir. 1987).  Hence the Criminal Division "need only show that the statute claimed is one of [the] exemption[s] as contemplated by Exemption 3 and that the withheld material falls within the statute."  *Larson v. Dep't of State*, 565 F.3d 857, 868 (D.C. Cir. 2009) (citing *Fitzgibbon v. CIA*, 911 F.2d 755, 761-62 (D.C. Cir. 1990)).

The Criminal Division withheld certain documents in compliance with Title III of the Organized Crime Control Act of 1968, codified at 18 U.S.C. §§ 2510-21.  It is established that "Title III falls squarely within the scope of [the second prong of 5 U.S.C. § 552(b)(3)], as a statute referring to 'particular types of matters to be withheld.'" *Lam Lek Chong v. U.S. Drug Enforcement Admin.*, 929 F.2d 729, 733 (D.C. Cir. 1991) (quoting 5 U.S.C. § 552(b)(3)(B) [renumbered (b)(3)(A)(ii)]); *see Smith v. U.S. Dep't of Justice*, 251 F.3d 1047, 1049 (D.C. Cir. 2001).  Wiretapped recordings obtained pursuant to Title III ordinarily are exempt from disclosure under exemption 3, unless they have entered the public domain.  *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999).

The Criminal Division withheld "the applications, affidavits, orders and authorization memorandums" because those documents remain under seal; thus, 18 U.S.C. § 2518(8)(b) prohibits their disclosure.  Sprung Decl. ¶ 28.  Mr. Spears claims that the criminal

---

[4]   Exemption 3 provides that statutes enacted after October 28, 2009, the enactment date of the OPEN FOIA Act of 2009, must specifically cite the exemption.  Title III pre-dates this requirement.

court unsealed his "case," Pl.'s Opp'n at 21, but the exhibit to which he refers is an order unsealing only the indictment and arrest warrants. Sprung Decl., Ex. H. Mr. Spears contends also "that portions of his Title III intercepted content [were] discussed, interpreted and/or entered into evidence" during the criminal proceedings. Pl.'s Opp'n at 22. Even if true, this is of no material consequence because the Criminal Division's description of the withheld material does not include the intercepted content. In order to compel disclosure based on a public domain theory, Mr. Spears must first "point to specific information in the public domain that appears to duplicate that being withheld." *Cottone*, 193 F.3d at 554 (citation, alteration, and internal quotation marks omitted). It is "the party advocating disclosure [who] bears the initial burden of production; [ ] were it otherwise, the government would face the daunting task of proving a negative: that requested information had not been previously disclosed." *Id*.

Mr. Spears has not produced any evidence showing that the documents have been unsealed or are in the public domain. Accordingly, summary judgment is granted to DOJ on its exemption 3 claim. *See Manchester v. Drug Enforcement Admin., U.S. Dep't of Justice*, 823 F. Supp. 1259, 1267 (E.D. Pa. 1993), *aff'd*, 40 F.3d 1240 (3d Cir. 1994) ("Because Title III is a withholding statute and the wiretap applications and derivative information DEA withheld under this exemption fall within the purview of the statute, disclosure is barred in this FOIA proceeding.") (citing *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1280 (D.C. Cir. 1992); *Lam Lek Chong*, 929 F.2d at 733)).

### 2.  FOIA Exemption 5

Exemption 5 protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[T]he parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available'

in discovery, it may be withheld from FOIA requesters." *Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996); *accord Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1112 (D.C. Cir. 2007) (citing cases). Exemption 5 encompasses materials that would be protected under the attorney-client privilege, the attorney work-product privilege, and the executive deliberative process privilege. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975) (Exemption 5 includes all documents "normally privileged in the civil discovery context."); *Baker & Hostetler LLP v. Dep't of Commerce*, 473 F.3d 312, 321 (D.C. Cir. 2006) (same). To qualify for protection under Exemption 5 as deliberative process material, a document must be "predecisional," *i.e.*, "generated before the adoption of an agency policy," and "deliberative," *i.e.*, reflecting "the give-and-take of the consultative process." *Public Citizen, Inc. v. OMB*, 598 F.3d 865, 874 (D.C. Cir. 2010) (citations and internal quotation marks omitted).

The declarant avers that the documents "were created as part of the wiretap application process, and were therefore created in anticipation of litigation, *i.e.*, a criminal prosecution[.]" Sprung Decl. ¶ 33. The Criminal Division withheld as attorney work product all of the communications between the ESU attorneys and the prosecuting attorneys, as well as the communications between the Assistant Attorney General's office and the ESU attorneys. *Id*. ¶ 31. Each document "was prepared by an attorney . . . acting at the behest of a client (the U.S. Government) or someone acting at the direction of such an attorney." *Id*. ¶ 33. The attorney work product privilege protects the mental processes of the attorney. *U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation and internal quotation marks omitted). The Criminal Division has established the foregoing documents as attorney work product, and "[i]f a document is fully protected as work product, then segregability is not required." *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005).

In addition, the Criminal Division withheld as deliberative process material the agents' affidavits in support of the Title III applications, the action memorandums from the ESU attorney to the Assistant Attorney General, and the email messages between the prosecutor and the ESU attorney, "in which the attorneys discuss the ESU review process, edits, revisions, etc." Sprung Decl. ¶ 34. Each of those types of documents was pre-decisional, involved the "give-and-take" of the decision-making process, and was submitted "by a decision-maker's subordinate . . . pursuant to a process that is required by Title III and internal Criminal Division policy." *Id*. ¶ 36. The Criminal Division has properly justified its withholding the described material under the deliberative process privilege. *See Klamath*, 523 U.S. at 8-9 (explaining that the privilege rests on the realization that candid communications enhance the quality of agency decision-making). Accordingly, summary judgment is granted to DOJ on its exemption 5 claim.

### 3. FOIA Exemptions 6 and 7(C)

The Criminal Division withheld the same documents under exemptions 6 and 7(C) that were properly withheld under exemptions 3 and 5. *See* Sprung Decl. ¶ 37; *cf*. ¶¶ 25, 31. Therefore, the Court will not dwell on these bases for withholding the documents, but it finds both exemptions properly invoked to protect the personal privacy interest of "the law enforcement personnel and private persons [who were] involved in the wiretapping and the Criminal Division's internal review process."[5] Sprung Decl. ¶ 40. Mr. Spears's asserted

---

[5] Exemption 6 permits an agency to withhold from disclosure "personnel and medical files and similar files" if their disclosure would "constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 has been interpreted broadly; the threshold for application of this exemption is crossed if information sought applies to a "particular individual." *New York Times Co. v. Nat'l Aeronautics & Space Admin.*, 920 F.2d 1002, 1006 (D.C. Cir. 1990). Exemption 7(C) exempts disclosure of information based on privacy concerns by permitting an agency to withhold from disclosure information that is "compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "As a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law

personal interest in the documents to challenge his conviction "does not overcome the privacy interests" of those individuals. *Cunningham*, 40 F. Supp. 3d at 88 (citing *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002)). Accordingly, summary judgment is granted to DOJ on exemptions 6 and 7(C).

### 4. Record Segregability

As a general rule, if a record contains information that is exempt from disclosure, any reasonably segregable information must be released after redacting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. 5 U.S.C. § 552(b); *see Trans–Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The declarant "reviewed each page of [responsive] material . . . to determine whether there was any non-exempt information that could be reasonably segregated and released," and concluded that there was none. Sprung Decl. ¶ 42. Given the type of documents that were withheld, and the fact that most contained non-segregable attorney work product, the Court finds that no segregable information has been withheld.

---

enforcement documents (or portions thereof) that contain private information." *Blackwell v. F.B.I.*, 646 F.3d 37, 41 (D.C. Cir. 2011). Both exemptions were properly invoked where, as here: (1) disclosing the identities of "law enforcement personnel, prosecutors, and the non-supervisory officials involved in the Criminal Division's internal review process could subject them to harassment both in the conduct of their official duties and their private lives," Sprung Decl. ¶ 38, and (2) Mr. Spears has not "produced any evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred[.]" *Nat'l Archives and Records Admin.v. Favish*, 541 U.S. 157, 175 (2004).

## CONCLUSION

For the foregoing reasons, the Court concludes that the Criminal Division satisfied its obligations under the FOIA, and that DOJ, as the parent agency, is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

Date:   September 29, 2015                            _____/s/_____
                                                                        ROSEMARY M. COLLYER
                                                                        United States District Judge